IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHEET METAL WORKERS LOCAL 265 WELFARE FUND, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | CIVIL ACTION |
| TAMARACK HEATING & COOLING, INC., an Illinois corporation, | ) ) ) | NO. 08 C 1712 |
| Defendant, | ) ) | JUDGE RUBEN CASTILLO |
| and | ) ) ) | |
| RODNEY M. KAMINSKAS, | ) ) | |
| Citation Respondent. | ) | |

**MOTION FOR A SPECIFIC JUDGMENT AGAINST RODNEY M. KAMINSKAS**

Plaintiffs, Sheet Metal Workers Local 265 Welfare Fund, *et al.* ("Plaintiffs") by and through their attorneys, pursuant to this Court's Order on March 12, 2015, hereby move this Court for the entry of a Specific Judgment against Rodney M. Kaminskas for the transfer of non-exempt assets in violation of the Alias Citation to Discover Assets issued by this Court on May 21, 2008. In support of their motion, Plaintiffs state as follows:

1.  On May 6, 2008 judgment was entered in favor of the Plaintiffs in the amount of $464,748.94, consisting of delinquent contributions, liquidated damages and attorneys' fees and costs incurred by Plaintiffs due to Defendant, Tamarack Heating & Cooling, Inc.'s ("Tamarack"),

failure to timely submit its contributions due on behalf of its employees. There remains a balance due of $315,248.94, plus post-judgment interest and costs.

    2.      On May 28, 2008, an Alias Citation to Discover Assets ("Alias Citation") was personally served on Rodney M. Kaminskas, president and owner of Tamarack. The Alias Citation contained express language which prohibited any transfer of Tamarack's non-exempt assets from Tamarack's accounts. A copy of the Alias Citation is attached as Exhibit 1. A copy of the Affidavit for Service is attached as Exhibit 2. Despite this clear prohibition, bank records show distributions from Tamarack's account at First Community Bank totaling $328,752.60 while Tamarack's assets should have been "frozen" pursuant to the Alias Citation. The bank records show the total distributions for each month as follows:

| Month | Amount |
|---|---|
| June 2008 | $167,803.49 |
| July 2008 | $ 14,514.87 |
| August 2008 | $ 13,281.67 |
| September 2008 | $ 23,788.44 |
| October 2008 | $ 68,678.89 |
| November 2008 | $ 10,751.00 |
| December 2008 | $ 29,934.24 |
| **Total:** | **$328,752.60** |

Copies of Tamarack's bank records are attached as Exhibit 3.

    3.      On February 16, 2015, Plaintiffs filed a Motion for an Order Setting a Hearing on a Rule to Show Cause why Rodney M. Kaminskas should not be held in contempt of court for failure to comply with the Alias Citation and personally be held liable for the transfer of non-exempt assets in violation of the Alias Citation which was granted by this Court. The hearing was set for March 12, 2015.

4. Although Mr. Kaminskas did not personally appear at the hearing on that date, he was represented by counsel. On behalf of Mr. Kaminskas, Defendant's counsel advised the Court that Mr. Kaminskas did not object to Plaintiffs' motion that Mr. Kaminskas be held personally liable for the transfer of non-exempt assets in violation of the Alias Citation. Accordingly, this Court set a date for Plaintiffs to submit a motion for a specific judgment to be entered against Mr. Kaminskas.

**Kaminskas Did Not Assert An Exemption For Assets Transferred From Tamarack's Account**

5. Pursuant to Federal Rule of Civil Procedure 69, the process to enforce a civil judgment entered by a federal court "follows the practices and procedures of the state in which the court is located." Under Illinois law, a citation to discover assets "may prohibit the party to whom it is directed from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from the enforcement of a judgment therefrom." 735 ILCS Section 5/2-1402(f)(1). There are only two exceptions to the prohibition: (1) property that is exempt from enforcement of judgments in Illinois; and (2) property in excess of twice the amount of the judgment. See, 735 ILCS 5/2-1402(b).

6. The citation to discover assets also identifies what is considered exempt under Illinois law. See, 735 ILCS 5/2-1402(b). The following types of property are considered exempt under Illinois law: real property, 735 ILCS 5/12-901; personal property, 5/12-1001 and 5/12-1006, et seq.; and retirement plan assets, 735 ILCS 5/12-1006.

7. In addition, the citation to discover assets further notifies the judgment-debtor of his/her right to appear at the citation hearing and assert these exemptions. See, 735 ILCS 5/2-1402(b). Illinois law further provides that the judgment-debtor may seek a declaration that certain income or assets are exempt even though they might not be considered exempt under the law. Id.

8. Corporations, such as Tamarack, have no exemptions. However, if Tamarack were to request an exemption, Mr. Kaminskas was required to claim the exemption on behalf of Tamarack. See, Cannell v. First State Bank of Bloomington (In re Cannell), 2014 U.S. Dist. LEXIS 102291, 2014 WL 3725929 (C.D. Ill. July 28, 2014) On July 17, 2008, Mr. Kaminskas appeared at the office of Plaintiffs' counsel pursuant to the Alias Citation, but failed to bring all of the documents requested by Plaintiffs' counsel. The parties agreed to continue the citation pending production of the requested documents. A copy of the transcript of record is attached as Exhibit 4. At no time did Mr. Kaminskas assert any claim on behalf of Tamarack that certain assets were exempt under the law before, during or after the citation hearing.

**Under Illinois Law, There is No Exemption For Transfers Made In the Ordinary Course Of Business**

9. Plaintiffs are able to identify from Tamarack's bank records that payments were made to the Department of Treasury/IRS, the Illinois Department of Revenue, individuals, utility bills, insurance payments, service fees, etc. A list of payees Plaintiffs were able to identify by copies of checks is attached as Exhibit 5. Whether these payments were for Tamarack's corporate debts is irrelevant. There is no exception to the citation's prohibition allowed for "transfers made in the ordinary course of business." City of Chicago v. Air Auto Leasing Company, 297 Ill. App. 3d 873, 879 (1998). See also, Laborers' Pension Fund v. Dominic Jr., Inc., 2003 U.S. Dist. LEXIS 9454, 2003 WL 21310282 (N.D. Ill. June 4, 2003)(finding there is no support for finding an exception for the unilateral payment of employees' wages in violation of the citation's prohibition without prior court approval).

10. The transfer of $328,752.60 in assets from Tamarack's account while the Alias

Citation was pending was a clear violation of the citation's prohibition. Mr. Kaminskas failed to assert any exemption on behalf of Tamarack or request from the court or Plaintiffs an exception to the Alias Citation's prohibition. Thus, without any claim otherwise, the total amount which was distributed from Tamarack's account should be considered as "non-exempt" property subject to the "hold" on Tamarack's assets established by the Alias Citation.

**Mr. Kaminskas Is Liable For The $328,752.60 Transferred from Tamarack's Account In Violation Of The Alias Citation's Prohibition**

11. As the Plaintiffs' stated in their Motion for an Order Setting A Hearing on A Rule to Show Cause, "under Illinois law, corporate officers are obligated to obey judicial orders directed at their corporation and are liable when they permit the corporation to make non-exempt payments in violation of the Citation." Laborers Pension Fund v. A&C Environmental, 2005 U.S. Dist. LEXIS 7892 at 6, (N.D. Ill. 2005) citing, City of Chicago v. Air Auto Leasing Co., 297 Ill. App. 3d 873, 697 N.E. 2d 788, 791-92, 232 Ill. Dec. 46 (Ill. App. 1998).

12. Furthermore, Under Illinois law, violations of the Citation to Discover Assets prohibition against transfers may be punished by the Court as follows:

> The court may punish any party who violates the restraining provision of the citation as and for a contempt, or if the party is a third party may enter judgment against him or her in the amount of the unpaid portion of the judgment and costs allowable under this section, or in the amount of the value of the property transferred, which ever is lesser.

735 ILCS 5/2-1402(f)(1). In addition, Illinois Supreme Court Rule 277(h) also provides that "any person who fails to obey a citation . . . may be punished for contempt."

13. To hold Mr. Kaminskas, as president of Tamarack, in contempt, Plaintiffs must establish by clear and convincing evidence that: "(1) a court order sets forth an unambiguous command; (2) the alleged contemnor violated that command; (3) the violation was significant,

5

meaning the alleged contemnor did not substantially comply with the order; and (4) the alleged contemnor failed to make a reasonable and diligent effort to comply." Shales v. T. Manning Concrete, Inc., 847 F. Supp. 2d 1102, 1114 (N.D. Ill. 2012), citing, W. Bend Mutual Ins. Co. v. Belmont St. Corp., No. 09 C 354, 2010 WL 5419061 at 13 (N.D. Ill. Dec. 23, 2010).

14. The Alias Citation to Discover Assets clearly stated that the transfer of any non-exempt assets was prohibited and was in compliance with Illinois' law with respect to what must be stated in the citation.

15. The transfer of $328,752.60 non-exempt assets from Tamarack's account was a clear violation of the Alias Citation to Discover Assets served upon Mr. Kaminskas. There is no indication that Mr. Kaminskas attempted to make a reasonable effort to comply with the order or request an exception to the order. Instead, Mr. Kaminskas allowed almost $330,000 to be transferred from Tamarack's account from June 2008 through December 2008 which establishes substantial non-compliance with the order.

16. The depletion of nearly $330,000 in assets that rightfully should have been applied to the delinquent contributions due on behalf of Tamarack's employees is evidence of Mr. Kaminskas' disregard for the prohibition set forth in the Alias Citation and its purpose to account for and preserve Tamarack's assets. Accordingly, as Tamarack's owner and president, Mr. Kaminskas should be held in contempt of court and be found personally liable for $315,248.94 which is the balance due under the judgment entered in favor of the Plaintiffs on May 6, 2008.

WHEREFORE, for the reasons stated above, Plaintiffs hereby move this court to find Rodney M. Kaminskas to be personally liable for the transfer of non-exempt assets in violation of the Alias

Citation to Discover Assets issued by this court on May 21, 2008 and enter judgment in favor of

Plaintiffs in the amount of $315,248.94.

                                                          Respectfully submitted,

                                                          /s/   Cecilia M. Scanlon

Cecilia M. Scanlon
Attorney for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Telephone: (312) 216-2577
Facsimile: (312) 236-0241
Email: cscanlon@baumsigman.com
I:\265J\Tamarack Heating\#25912\motion specific judgment 04-13-15 cms.ww.wpd

## CERTIFICATE OF SERVICE

  The undersigned, an attorney of record, hereby certifies that she electronically filed the foregoing document (Motion for a Specific Judgment) with the Clerk of Court using the CM/ECF system, and further certifies that she mailed the above-referenced document by United States Mail to the following non-CM/ECF participants on or before the hour of 5:00 p.m. this April 13, 2015:

Mr. Rodney M. Kaminskas
2427 E. 29th Road
Seneca, IL 61360-9769

Mr. Michael J. Davis
Davis & Greene Law, LLC
1500 Eisenhower Lane, #800
Lisle, IL 65332-2135

Mr. Frank Max Valenti
101 East St. Charles Road, Suite 203
Villa Park, IL 60181-2436

/s/ Cecilia M. Scanlon

Cecilia M. Scanlon
Attorney for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL 60606-5231
Telephone: (312) 216-2577
Facsimile: (312) 236-0241
Email: cscanlon@baumsigman.com
I:\265J\Tamarack Heating\#25912\motion specific judgment 04-13-15 cms.ww.wpd